UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PARNELL MILTON,

    Plaintiff,

  v.                                              Case No. 16-C-684

L SLOTA, Deputy, et al.,

    Defendants.

## ORDER

    Plaintiff has filed a motion to amend the complaint and a motion for appointment of counsel in the above matter. The underlying action is one in which plaintiff claims he was injured when an elevator door was slammed on him. The motion to amend the complaint will be denied because it fails to attach the proposed complaint. Moreover, the parties plaintiff seeks to add do not seem to have any personal involvement in the incident that gave rise to his claim. Should plaintiff seek to amend the complaint in the future, he must attached a copy of the proposed pleading, which must be a stand-alone document. In other words, a plaintiff seeking leave to file an amended complaint must attach the proposed complaint to his motion. *See* Civil L.R. 15.

    Plaintiff has also filed a motion for appointment of counsel. That motion is also denied. While parties are not entitled to appointment of counsel in civil cases, the court may recruit counsel where the complexity of the case and/or the deficits of the plaintiff require counsel in order to avoid injustice. This is not such a case. Plaintiff does not describe any efforts to retain counsel on his own. He also fails to indicate any deficits that he personally suffers from, other than the fact that he is not a lawyer and he is incarcerated, that would make it unusually difficult for him to represent

himself. If this were enough, counsel would be appointed in every case in which an inmate files a lawsuit. Finally, the facts of the case do not appear complex. Whether the officer intentionally injured the plaintiff or was deliberately indifferent in doing so is essentially a factual dispute of which only the plaintiff and the officer are likely to have relevant knowledge. The extent of plaintiff's injuries is also unclear from the record. The court is unable to tell whether plaintiff sustained a serious injury warranting a substantial damage award or a minor injury better addressed with an apology.

For all of these reasons, the motion for appointment of counsel is denied. But the denial is without prejudice, and the court may reconsider the request as the case proceeds and the facts become more developed.

SO ORDERED this   25th   day of August, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court